Opinion by McCLELLAN, J.

---

# Union Central Life Insurance Co. v. Gardner.

*Action against Attorney to recover Damages for making out a wrong Abstract of Title.*

1.  *Bill of exceptions; paper sought to be made part of, by reference.*— In order to authorize a clerk to fill in a blank left in a bill of exceptions, the matter must be so described that a succeeding officer can with readiness and certainty know what document or paper is referred to without reason for mistake, and the paper must be so described by its date, amount, parties or other identifying features as to leave no room for mistake in the transcribing officer; and where the only authority for inserting depositions in a transcript is a statement in the bill of exceptions, as presented to the judge, "here set out depositions introduced by the plaintiff," and there is no other identification or reference to the depositions, there is no such ident

fication to the depositions intended to be transcribed in the bill of exceptions, as authorizes the clerk to insert the depositions of any particular witnesses; and depositions copied in the bill of exceptions upon such authority should be excluded.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

M. N. CARLISLE, for appellant.

J. D. GARDNER, *contra*.

This was an action brought by the appellant, the Union Central Life Insurance Company, against John D. Gardner, to recover damages for making out a wrong abstract of title. There was judgment for the defendant and plaintiff appeals.

There was transcribed in the bill of exceptions contained in the transcript, the depositions of two witnesses, the only authority for inserting such depositions being the following statement in the bill of exceptions, which was presented to and signed by the presiding judge: ''Here set out depositions introduced by the plaintiff.'' The court holds that the two depositions inserted by this authority should be stricken from the bill of exceptions, and that with such depositions eliminated, there was nothing left to sustain the cause of action set forth in the plaintiff's complaint. The judgment of the trial court was affirmed.

Opinion by COLEMAN, J.